# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHUN MULLINS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil No. 2:14-CV-0045 ) Judge Sharp ) |
| LLOYD NORRIS, et al. | ) ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is a motion to amend the complaint (Docket No. 99). For the reasons set out below, the Court will DENY the motion.

## BACKGROUND

On February 19, 2015, the Court issued an initial case management order. (Docket No. 97.) That order set a March 2, 2015 deadline for any motions to amend the pleadings. (Id.)

On March 3, 2015, Plaintiff filed a motion to amend his original complaint. (Docket No. 99.) Attached to the motion was a 24-page proposed amended complaint, which set out an additional claim and named Judy Mainord as another plaintiff. (Docket No. 99, Ex. 1.) Plaintiff did not submit a memorandum of law with his motion, nor did he file a motion to extend the March 2 deadline.

## ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure provides that motions to amend should be "freely granted in the interests of justice." FED. R. CIV. P. 15(a)(2). However, once a deadline for amending the complaint has passed, the standard changes to the more stringent requirement

1

of Rule 16(b)(4), which states that the scheduling order may be modified only for good cause and the Court's consent. Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003). See also, e.g., Korn v. Paul Revere Life Ins. Co., 382 Fed. App'x 443, 449 (6th Cir. 2010); Shane v. Bunzl Distribution USA, Inc., 275 Fed. App'x 535, 536 (6th Cir. 2008); Leffew v. Ford Motor Co., 258 Fed. App'x 772, 777 (6th Cir. 2007); Stewart v. King, 2011 WL 237678 (M.D. Tenn. Jan. 24, 2011); Youngblood v. Prudential Ins. Co., 706 F. Supp. 2d 831 (M.D. Tenn. 2010). After a court-ordered deadline passes, a party must show that "despite [his] diligence [he] could not meet the original deadline." Leary, 349 F.3d at 897 (6th Cir. 2010).

Plaintiff has not made this showing. His motion alleges that, as he was preparing to comply with his discovery obligations, he realized that the language in his original complaint was incorrect. (Docket No. 99, p. 1.) It also adds a novel legal theory based on "important [facts] left out of the original complaint." (Docket No. 99, p. 2.) Yet Plaintiff never argues that these facts were unavailable when he filed his original complaint. Instead, it seems that Plaintiff had known about the facts, but forgot about them until March 2015. His motion states that the discovery process simply "jarred [his] recollection of" the events that form the basis of his retaliation claim. (Id.) This is not enough to satisfy Rule 16(b)(4)'s standard. See Leary, 349 F.3d at 897 (6th Cir. 2010).

Adding a new claim and a second plaintiff after the deadline would also prejudice Defendants. See, e.g., Salyers v. City of Portsmouth, 534 Fed. App'x 454, 461 (6th Cir. 2013) ("[A] party prejudices his opponent by missing the trial court's scheduled deadlines . . . before introducing entirely new legal theories."). This is particularly true when the claim involves an entirely new set of circumstances, as Plaintiff's new claim would. Plaintiff's original complaint consisted only of claims that revolved around his mother's death. His amended complaint would

keep those claims, but would add a retaliation claim involving at least three new sets of facts: an attorney's alleged threats to impose a restraining order on Plaintiff, a county clerk allegedly demanding that Plaintiff pay outstanding fines, and an alleged conspiracy to spread rumors of sexual misconduct against a candidate in a mayoral election. (See Docket 99, Ex. 1, pp. 19–20.) Plaintiff made no mention of these facts in the ten months between the filing of the original complaint and Plaintiff's motion to amend.

The Court recognizes that Plaintiff filed his original complaint without a lawyer. *Pro se* litigants are usually given more leeway on matters that require sophisticated knowledge of the law. See Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). But that leniency does not excuse a failure to comply with the Court's deadlines. See, e.g., Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("Where . . . a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."). And even if the scheduling order was too sophisticated for Plaintiff to understand—which is not the case—leniency would be inappropriate: Plaintiff had been represented by a lawyer for more than four months when he filed his untimely motion.

Plaintiff has not shown good cause for his failure to comply with the March 2 deadline. Given this failure—along with the prejudice that his proposed amendment would cause Defendants—the motion to amend should be denied.

For the foregoing reasons, the Court DENIES Plaintiff's motion to amend the complaint. An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE