UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHUN MULLINS, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2:14-CV-0045 |
| v. ) | Judge Sharp |
| ) | |
| LLOYD NORRIS, et al. ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM

Pending before the Court is Defendant Lloyd Norris's Motion to Dismiss (Docket No. 105). Defendant argues that Plaintiff Shun Mullins "deliberately failed to respond to discovery" for more than a year. (Docket No. 106, p. 1.) Defendant's motion is unopposed.[1] For the reasons set out below, the Court will GRANT the motion.

# BACKGROUND

Plaintiff filed a *pro se* complaint (Docket No. 1) on April 29, 2014. The complaint includes claims under 42 U.S.C. §§ 1983 and 1985; the Tennessee Governmental Tort Liability Act (Tenn. Code Ann. § 29-20-101, *et seq.*); and Tennessee common law.

Defendant sent Plaintiff a set of interrogatories and a request for documents on June 23, 2014. (Docket No. 28, Ex. C.) Plaintiff asked Defendant for more time, and Defendant agreed to give Plaintiff until August 25, 2014 to respond to the requests. (Docket No. 28, Ex. B.)

After Plaintiff failed to provide answers by August 25, Defendant filed a Motion to Compel (Docket No. 28). That same afternoon, Plaintiff submitted responses to the first set of

---

[1] Plaintiff has not filed a response to the Motion. Local Rule 7.01(b) provides that "[f]ailure to file a timely response shall indicate that there is no opposition to the motion." M.D. Tenn. R. 7.01(b).

1

interrogatories. (See Docket No. 29, Ex. H.) To nine of the twelve questions in the interrogatories, Plaintiff wrote a one-sentence answer: "Request denied pending legal advice." (Id.) Plaintiff did not send any of the documents that Defendant requested.

In response, Defendant filed a Supplemental and Revised Motion to Compel (Docket No. 29) and asked for a court order requiring Plaintiff to provide the requested documents and responses to interrogatories. The Magistrate Judge granted the motion and gave Plaintiff until October 6, 2014 to comply. In doing so, the Magistrate Judge recommended that "this action be dismissed" if Plaintiff missed the October 6 deadline. (Docket No. 41, p. 1.)

By October 6, Plaintiff had sent nothing to Defendant. The Magistrate Judge extended the deadline again, giving Plaintiff until November 5, 2014 to comply. Plaintiff failed meet the November 6 deadline. Instead, he filed another motion to extend the deadline. (Docket No. 62.) The Magistrate Judge granted the motion, extending the deadline to November 20, 2014. (Docket No. 66.) Yet again, Plaintiff failed to comply by the November 20 deadline.

The parties met for a case management conference on February 3, 2015. (See Docket Nos. 83, 85.) During the conference, they agreed that Plaintiff would respond to Defendant's interrogatories and document requests by March 2, 2015, with all initial disclosures filed by February 16, 2015. (Docket No. 97.) This agreement was memorialized in a Proposed Case Management Order (Docket No. 93), which the Magistrate Judge adopted on February 19, 2015. (Docket No. 97.)

Plaintiff did not send any responses by the February 16 and March 2 deadlines. After the March 2 deadline, Defendant sent emails to Plaintiff's attorney, but received no reply. (Docket No. 105, Ex. 2.) Defendant then filed this Motion on March 12, 2015, asking the Court to dismiss all of Plaintiff's claims.

## ANALYSIS

The Court has the power to dismiss the complaint under Rules 37 and 41 of the Federal Rules of Civil Procedure. Rule 37(b)(2)(A) permits a court to dismiss a lawsuit when a party fails to comply with a discovery order. FED. R. CIV. P. 37(b)(2)(A)(v). Such a dismissal "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995). Similarly, Rule 41(b) allows a court to dismiss a complaint when the plaintiff has failed to comply with a court order. FED. R. CIV. P. 41(b). The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." Shavers v. Bergh, 516 F. App'x 568, 569 (6th Cir. 2013) (citing Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)).

The Sixth Circuit uses a four-factor test to consider dismissal under Rule 41(b) or Rule 37(b)(2)(A). See Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) (setting out the four-factor test).[2] Dismissal is appropriate when: (1) the plaintiff acted with willfulness, bad faith, or fault; (2) the discovery violation prejudiced the defendant; (3) the plaintiff had been warned that his conduct could lead to extreme sanctions; and (4) less drastic sanctions were previously imposed or considered. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bass, 71 F.3d at 24; Bank One of Cleveland, 916 F.2d at 1073. No single factor is dispositive. See Knoll, 176 F.3d at 363.

**A. Did Plaintiff Show Willfulness, Bad Faith, or Fault?**

The first Rule 37(b) factor is satisfied only with "a clear record of delay or contumacious conduct." Freeland, 103 F.3d at 1277. Such a record exists when a plaintiff shows "either an

---

[2] The same four-factor test applies to both rules. See Shavers, 516 F. App'x at 569–70 (applying Rule 37(b)(2)(A)'s four-factor test to dismissal under Rule 41(b)).

intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Shavers, 516 F. App'x at 570 (quoting Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)).

Plaintiff's conduct meets this standard. Four times, the Magistrate Judge ordered Plaintiff to comply with discovery by a specific deadline. Plaintiff met none of these deadlines, even when the Magistrate warned that failure to comply would lead to dismissal. And despite Defendant's repeated efforts to discuss discovery, Plaintiff has been completely non-responsive. In all, Plaintiff has shown a "clear record of delay and contumacious conduct." Freeland, 103 F.3d at 1277. See also Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) ("[The plaintiff] failed to respond to the amicable requests of [the defendant's] counsel, he failed to respond to [the defendant's] motion to compel, and he failed to comply with the district court's . . . order. . . . It is, in short, a clear record of delay and contumacious conduct.").

**B. Did Defendant Suffer Prejudice?**

The second Rule 37(b) factor is met when a defendant "waste[s] time, money, and effort in pursuit of cooperation which [a plaintiff] was legally obligated to provide." Wright v. City of Germantown, Tenn., 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013).

Defendant argues that Plaintiff's conduct has frustrated any effort to prepare for trial. In particular, Defendant notes that he has been unable to "gather[] records[,] . . . locat[e] or speak[] to witnesses, [or] take needed depositions" based on Plaintiff's responses to discovery requests. (Docket No. 106, p. 3.) Defendant contends that he "has done everything he can to try and secure cooperation from" Plaintiff, despite Plaintiff's unwillingness "to cooperate in the discovery process." (Docket No. 106, p. 2.) This, Defendant concludes, "has amounted to substantial and unfair prejudice." (Docket No. 106, p. 3.)

The Court agrees. Defendant has been forced to waste time and money trying to secure Plaintiff's cooperation. Defendant has filed motions to compel Plaintiff to answer discovery requests, repeatedly tried to communicate with Plaintiff, and attended case management conferences in order to find mutually agreeable deadlines for discovery. So far, these efforts have been fruitless; Plaintiff is no closer to cooperating with Defendant's discovery requests than he was a year ago.

**C. Was Plaintiff Warned that His Conduct Could Lead to Extreme Sanctions?**

Prior notice—or the lack thereof—is a key consideration in determining whether dismissal under Rule 37(b) is appropriate. Schafer, 529 F.3d at 737; Moses v. Am. Apparel Retail Inc., 2015 WL 4665968, at *15 (W.D. Tenn. Aug. 6, 2015). The Sixth Circuit has repeatedly required that lower courts "put the derelict parties on notice that further noncompliance would result in dismissal." Wu v. T.W. Wang, Inc., 420 F.3d 641, 644 (6th Cir. 2005).

Plaintiff was on notice that his failure to complete discovery could lead to dismissal. In the September 22, 2014 order, the Magistrate Judge warned that "if Plaintiff fails to comply with" the court-ordered deadlines, the Judge would "recommend that this action be dismissed." (Docket No. 41.) Despite this warning, Plaintiff did not meet the deadline for discovery.

**D. Were Less Drastic Sanctions Imposed or Considered?**

The fourth Rule 37(b) factor is met when "less drastic sanctions [than dismissal] were imposed or considered" in response to a plaintiff's conduct. Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). But the Sixth Circuit has stressed that "consideration of lesser sanctions is a *factor*" in the Rule 37(b) analysis; lesser sanctions are not a prerequisite for a dismissal order. Harmon, 110 F.3d at 368 (emphasis in original). Moreover, a court is not required to "incant a litany of the available lesser sanctions" or to assume "that

lesser sanctions were not considered simply because their consideration is not" clear in the record.  Id.  See also Shavers, 516 Fed. App'x at 571 (ordering dismissal despite the record's silence as to whether the magistrate judge considered lesser sanctions).

The record does not reveal whether the Magistrate Judge considered lesser sanctions.  But in this case, dismissal is an appropriate first sanction.  Because Plaintiff filed his complaint *pro se* and has mentioned financial difficulties in letters to the Court, financial sanctions would probably not spur Plaintiff into compliance.  See Id.  And his stubborn, year-long refusal to cooperate is "sufficiently egregious" to warrant a drastic sanction.  Harmon, 110 F.3d at 368 (holding that district court properly ordered dismissal as a first sanction when a full year had passed after the defendant first submitted discovery requests).

## CONCLUSION

Dismissal under Rules 41(b) and 37(b)(2)(A) is a "sanction of last resort."  Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994).  But here, it is appropriate.  The record is thick with evidence of Plaintiff's bad faith and dilatory conduct.  The Magistrate Judge issued a clear warning to Plaintiff about that conduct.  And Defendant has wasted time, money, and effort in a futile attempt to secure Plaintiff's cooperation.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.  An appropriate Order will be entered.

      *[signature: Kevin H. Sharp]*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE